*E-filed on* 8/6/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC, PATENT LITIGATION | No. MDL-1423<br>(C-04-04247 RMW) |
| THIS ORDER RELATES TO:<br>CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br>　　　　　Plaintiff,<br>　　　v.<br>AT&T CORP.,<br>　　　　　Defendant. | ORDER DENYING CYGNUS'S MOTION TO ALTER OR AMEND JUDGMENT |

　　　This court entered final judgment in the above-captioned matter on July 12, 2007. On July 26, 2007, plaintiff Cygnus Telecommunications Technology, LLC ("Cygnus") filed a motion to alter or amend final judgment under Federal Rule of Civil Procedure 59(e). Defendant AT&T Corporation ("AT&T") moved to shorten time to brief and argue Cygnus's motion. After considering Cygnus's opposition to AT&T's motion to shorten time to hear Cygnus's motion, the court granted to motion to shorten time, ordered the parties to brief the matter on a shortened

1  schedule and ordered that the matter would be submitted without oral argument on receipt of
2  Cygnus's reply. AT&T has submitted its opposition and on August 2, 2007 Cygnus submitted its
3  reply.[1]

4  The present case is part of a multi-district litigation in which Cygnus asserted two patents.
5  Among the common issues was whether the patents-in-suit were invalid. On March 29, 2007, the
6  court entered an order in which it held that the patents-in-suit were invalid under the on-sale bar, 35
7  U.S.C. 102(b). *See* Claim Construction Order and Order on Various Summary Judgment Motions
8  dated March 29, 2007. On that same day, it entered judgment in many of the multi-district litigation
9  cases based in part on the invalidity ruling ("MDL judgments").

10  The court did not enter judgment in the instant AT&T case because there remained one
11  important motion under submission: AT&T's motion for summary judgment of non-infringement,
12  which was fully briefed and argued in November 2006. The court ruled on that remaining motion on
13  July 12, 2007 and, on that same date, entered final judgment in favor of AT&T based on its
14  summary judgment rulings ("AT&T final judgment"). Soon after the court entered the MDL
15  judgments, Cygnus filed an appeal with the Federal Circuit, challenging this court's ruling that the
16  patents were invalid under the on-sale bar.

17  On July 5, 2007, AT&T filed a motion for entry of final judgment, at the same time seeking
18  shortened time for a hearing on that motion ("July 5 motions"). Rather than considering either of
19  AT&T's July 5 motions, the court instead issued its decision regarding AT&T's outstanding (and
20  fully-briefed) motion for summary judgment, which resolved the legal issues that were outstanding.
21  The court then denied AT&T's motion for entry of final judgment as moot. *See* Order Denying
22  Plaintiff's Motion for Leave to File Motion for Reconsideration and Order Granting Summary
23  Judgment on Non-Infringement dated July 12, 2007 ("July 12, 2007 Order"). On that same date, the
24  court entered judgment in favor of AT&T on the basis of all of its prior legal determinations relevant
25  to this matter, specifically (1) that Cygnus's trade secret claim was time-barred (by order dated
26  November 29, 2006); (2) that the asserted patents are invalid under the on-sale bar (by order dated
27  March 29, 2007; and (3) that AT&T was entitled to summary judgment of non-infringement because

28

---

[1] The court gave Cygnus until August 8, 2007 to submit its reply.

ORDER DENYING CYGNUS'S MOTION TO ALTER OR AMEND JUDGMENT—No. MDL-1423 (C-04-04247 RMW)
2

1  Cygnus had failed to present admissible evidence that AT&T's accused product practiced limitations
2  of the patents-in-suit (by order dated July 12, 2007).

3  Cygnus takes issue with the judgment and asks the court to amend it to state only that the
4  court has ruled that the patent is invalid under the on-sale bar.  It contends that AT&T's motion for
5  entry of final judgment induced the court to enter an erroneous judgment on AT&T's motion for
6  summary judgment of non-infringement.  According to Cygnus, entering judgment on the narrower
7  grounds of AT&T's invalidity defense would permit AT&T to participate in Cygnus's appeal of that
8  ruling to the Federal Circuit without forcing Cygnus to also appeal this court's finding regarding
9  non-infringement and the trade secret claim.  AT&T points out, however, that entering judgment on
10 only the on-sale bar would destroy the finality of that judgment and make it not yet subject to
11 appeal.

12 Cygnus's challenge to the court's July 12, 2007 judgment is threefold: Cygnus argues (1) that
13 the court violated its right to due process because Cygnus was not given an opportunity to respond
14 AT&T's motion for entry of final judgment;[2] (2) that AT&T does not, as it asserted in its July 5
15 motions, seek to participate in the Federal Circuit appeal, rather its efforts to obtain a final judgment
16 are designed to shorten its time to seek attorney's fees from Cygnus; and (3) that the court's
17 determination on AT&T's motion for summary judgment of non-infringement incorrectly placed the
18 burden on Cygnus to present evidence that the accused product practiced the limitations of the
19 patents-in-suit.

20 First, because the court did not consider AT&T's motions to enter final judgment and to
21 shorten time, and denied them as moot, Cygnus's challenge on the basis of due process is without
22 merit.  The court based the rulings in its July 12, 2007 Order on the briefings and argument that had

---

[2] In fact, to the extent it considered any material extrinsic to those briefings and argument, it considered only Cygnus's "Opposition to AT&T's Motion to Strike Status Conference Statement and Opposition to AT&T's Motion for Renewed Summary Judgment," which Cygnus filed on May 7, 2007.  Although it is questionable that AT&T renewed its motion for summary judgment as Cygnus asserts in that filing, the court nevertheless considered but ultimately rejected Cygnus's additional arguments presented there.

been submitted on the matter. It did not grant either of AT&T's July 5 motions. Thus, Cygnus's first challenge ostensibly based on due process is without basis.[3]

Second, Cygnus asserts that "AT&T succeeded in obtaining a grant of its motion that had been pending for ten months simply by alleging that it wanted to brief the on-sale bar issue along with its co-defendants in the Federal Circuit." Mot. at 2-3.[4] Cygnus asserts AT&T has no interest in briefing the on-sale issue before the Federal Circuit, citing an email sent July 13, 2007 from AT&T's counsel asking Cygnus to waive appeal of the court's judgment in this matter or risk AT&T filing for costs and attorney's fees against Cygnus. *See* Decl. Sutton Supp. Plf's Mot. Alter J., Ex. 1. Although AT&T's notes that Cygnus may face significant liability for attorney's fees, this court fails to see how the July 13 email has any bearing on AT&T's desire or lack thereof to participate in the Federal Circuit proceedings. It appears to be an offer to resolve the matter without further need to appeal but does not otherwise indicate that AT&T does not wish to participate in opposing Cygnus's on-sale bar appeal. Further, since the court did not consider AT&T's arguments in its July 5 motions, any argument that the judgment was entered based on the content of those motions is baseless.

Cygnus's third challenge appears to be based primarily upon this court's citation to *S. Bravo Systems, Inc. v. Containment Technologies Corp.*, 96 F.3d 1372 (Fed. Cir. 1996). Cygnus levies multiple attacks on the judgment based on this case: (1) that counsel for AT&T was counsel for the defendant in the *S. Bravo Systems* matter; (2) that the *S. Bravo* case misstates the burden of proof on summary judgment; and (3) that, in any event, the court failed to resolve inferences in Cygnus's favor on summary judgment, *see* Mot. at 9.

It is entirely irrelevant that AT&T's counsel was counsel in the *S. Bravo* case.[5] The *S. Bravo* case also accurately states the burden on summary judgment: as this court cited, "To avoid summary

---

[3] Cygnus argues that, had it been given an opportunity to be heard on AT&T's July 5 motions, it would have proposed the "solution" presented in Cygnus's present motion: that the judgment be entered only as to the invalidity defense.

[4] The court acknowledges that AT&T's motion had the effect of calling the court's attention to the fact that AT&T's non-infringement motion has been under submission for some time.

[5] Until it read Cygnus's present motion, the court was unaware there was any connection between counsel in the present matter and the *S. Bravo* case.

ORDER DENYING CYGNUS'S MOTION TO ALTER OR AMEND JUDGMENT—No. MDL-1423 (C-04-04247 RMW)
4

judgment," a plaintiff must "proffer evidence that" an accused instrumentality "contain[s] every claim element either exactly or by a substantial equivalent." *S. Bravo*, 96 F.3d at 1376. This statement does not, as Cygnus appears to argue, impermissibly change the burden of proof on summary judgment. It simply requires a patentee to proffer admissible evidence on summary judgment that an accused product contains the limitations of the patent – it does not require patentee to prove on summary judgment that those limitations are met. Finally, the inferences that Cygnus states that the court should have drawn in its favor do not correct the fatal deficiency in Cygnus's opposition to AT&T's summary judgment motion. That fatal deficiency is that Cygnus did not present any admissible evidence that AT&T's accused product (whatever that product or service was) practiced the limitations of the patents-in-suit.[6] Cygnus's reiteration that AT&T attempted to have international callback outlawed by the FCC does not establish that AT&T's accused service practices or had practiced the limitations of the patents-in-suit. Cygnus's assertion that AT&T expressed interest in the Alleman invention does not establish that the accused service practices limitations of the patents-in-suit. Nor does the bald assertion that a defendant utilized international callback sufficiently establish that such defendant infringed a patent. Finally, Cygnus's assertion that this court has "entered twenty judgments and injunctions in favor of Cygnus" in support of its position is unavailing: those judgments and injunctions were consent and default judgments involving defendants other than AT&T in which the court made no infringement determination on the merits. Those uncontested judgments have no bearing on infringement determinations this case.

**ORDER**

For the foregoing reasons, Cygnus's motion to alter or amend the judgment is denied.

DATED:     8/6/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[6] Cygnus's citation to Exhibit 229 does not provide admissible evidence that AT&T's Multi-Option Calling Plan infringed the patents-in-suit. Exhibit 229, an article entitled "AT&T Enters Callback As a Service Provider," by Gene Retsky, does not constitute admissible evidence of infringement – it is inadmissible hearsay that cannot support Cygnus's position on summary judgment.

**A copy of this order was mailed on**    8/6/07    to:

**Counsel for Plaintiff:**

John P. Sutton
2421 Pierce Street
San Francisco, CA 94115-1131

**Defendants:**

Felice B. Galant; Joseph P. Zammit
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, NY 10103-3198

Gregory B. Wood
Fulbright & Jaworski L.L.P.
865 South Figueroa Street, 29th Floor
Los Angeles, CA 90017

**Courtesy Copy:**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.